UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Docket No. 2:06-CR-105-P-S |
| ) | |
| JO MILLER ) | |
| ) | |
| ) | |

ORDER ON MOTION TO DISMISS AND MOTION FOR TIMING OF
DISCLOSURE

Before the Court are Defendant's Motion to Dismiss (Docket # 10) and Motion for Timing of Disclosure of Brady, Giglio, and Jencks Acts Materials (Docket # 11).[1] For the reasons briefly stated below, the Court DENIES these Motions.

I.   BACKGROUND

Miller Industries is a textile manufacturing company with mills in Lewiston, Lisbon and Lisbon Falls, Maine. Defendant Jo Miller has worked at Miller Industries in various capacities and is married to Herb Miller, President of Miller Industries. In early 2002, Miller Industries hired Arthur Lavallee, Defendant's brother, to aid Miller Industries with the clean-up of materials used in the production process and the clean-up of various facilities. Defendant asserts that Lavallee was primarily responsible for the clean-up that occurred during the week of April 11, 2002 through April 17, 2002. Lavallee died in August of 2003; he was never interviewed regarding this case. On December 19, 2006, Defendant Jo Miller was indicted on one count of unlawful

---

[1] In Defendant's Reply Memorandum in Support of Motion to Dismiss (Docket # 16), Defendant also requests a hearing on the Motion. The request for a hearing is DENIED.

transportation of hazardous waste without a manifest in violation of 42 U.S.C. § 6928(d)(5).

## II. MOTION TO DISMISS

Through the Motion to Dismiss, Defendant alleges prejudicial pre-indictment delay in violation of her Fifth Amendment rights to due process of law. Specifically, Defendant asserts that the government's delay was substantially prejudicial because a key defense witness, Lavallee, died and was not interviewed.[2]

A prosecutor is not obligated to file charges as soon as probable cause exists. United States v. Lovasco, 431 U.S. 783, 791 (1977). Rather,

> [t]he prosecution has wide discretion in deciding to delay the securing of an indictment in order to gather additional evidence against an individual. That discretion is limited only by the requirement that it not violate those "fundamental conceptions of justice which lie at the base of our civil and political institutions."

United States v. Picciandra, 788 F.2d 39, 42 (1st Cir. 1986) (quoting Lovasco, 431 U.S. at 790). To establish that a delay violated the "fundamental conceptions of justice," a defendant must prove that "(1) pre-indictment delay caused substantial prejudice to [her] right to a fair trial and, (2) the Government intentionally delayed indictment in order to gain a tactical advantage over the accused." Id. Thus, the Court must examine whether Defendant suffered substantial prejudice and the cause for the Government's delay.

Defendant asserts that she has suffered substantial prejudice in the loss of a key defense witness, Lavallee. Defendant claims that had Lavallee been interviewed or testified, he would have provided exculpatory evidence. Specifically, Defendant asserts

---

[2] Defendant also asserts prejudicial pre-indictment delay because she was not indicted until December of 2006, three and a half years after the grand jury met in May of 2003. Nonetheless, Defendant fails to substantiate this allegation through her Motion papers.

that Lavallee would have testified that he was in charge of the clean-up, that Defendant relied on his representations that the clean-up was in compliance with the law and that Defendant "did not have the requisite knowledge required to sustain the charge in this case." (Def.'s Mot. to Dismiss (Docket # 10) at 7.) Unlawful transportation of hazardous waste without a manifest in violation of 42 U.S.C. § 6928(d)(5) is a general intent crime. The Government must prove that Defendant "knowingly transport[ed] without a manifest, or cause[d] to be transported without a manifest, any hazardous waste . . . ." 42 U.S.C. § 6928(d)(5). The Government does not have to prove that Defendant knew the requirements of § 6928(d) or that the materials were regulated hazardous waste. See United States v. Kelley Tech. Coatings, 157 F.3d 432, 436-38 (6th Cir. 1998) (gathering cases that discuss the "knowledge of illegality" argument and noting that every court of appeals that has considered the issue has rejected the argument). In light of this intent requirement and based on Defendant's proffer, the Court finds that Lavallee's absence does not substantially prejudice Defendant's right to a fair trial, although Lavallee may have provided somewhat exculpatory evidence.

Even if Defendant were able to establish substantial prejudice, she must also establish that the Government engaged in intentional delay for tactical reasons. Picciandra, 788 F.2d at 42; see also Lovasco, 431 U.S. at 795. Defendant asserts that the Government knew early in its investigation that Lavallee was a central witness to this case and yet never interviewed him. The Government commenced its investigation in May of 2002 and Lavallee died in August of 2003. Even assuming that Defendant and others made it known to the Government that Lavallee played a central role in the clean-up, the Government is not required to interview all witnesses in a given period of time or

before the commencement of grand jury testimony. In addition, the Government has proffered a reasonable explanation for its failure to interview Lavallee. The Government had no notice or reason to believe that Lavallee was ill and the Government interviewed other local witnesses before attempting to interview Lavallee, who lived in Indiana. In short, Defendant is unable to establish that the Government intentionally engaged in delay for tactical reasons. Therefore, the Court DENIES Defendant's Motion to Dismiss.

### III.  MOTION FOR TIMING OF DISCLOSURE

Through the Motion for Timing of Disclosure of Brady, Giglio, and Jencks Acts Materials (Docket # 11), Defendant moves the Court to compel the production of Brady and Giglio materials and all witness statements falling under the Jencks Act by a date certain in advance of trial.

Defendant claims that she is entitled to these materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500. Under Brady, a defendant has a right to exculpatory evidence where it "is material to guilt or punishment." Brady, 373 U.S. at 87. Information is "material" "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985); see also United States v. Rosario-Peralta, 175 F.3d 48, 53 (1st Cir. 1999). At the same time, however, Brady did not create a broad right of discovery. Bagley, 473 U.S. at 675 n.7 ("An interpretation of Brady to create a broad, constitutionally required right of discovery 'would entirely alter the character and balance of our present systems of criminal justice.'" (quoting Giles v. Maryland, 386 U.S. 66, 117 (1967) (Harlan, J., dissenting))); Weatherford v. Bursey, 429 U.S 545, 560

(1977) ("There is not general constitutional right to discovery in a criminal case, and Brady did not create one . . . ."). Further, the Jencks Act only requires that a witness's statements be supplied to the Defendant by the Government after the witness has testified on direct examination. See 18 U.S.C. § 3500; United States v. Blumberg, 2000 U.S. Dist. LEXIS 14834 at *14 (D. Me. 2000).

The Court has reviewed the submissions of both sides in connection with this Motion. Notably, the Government has complied with the bulk of the requests submitted by Defendant, even though the Government maintains that the materials are not exculpatory. Further, in the Government's Consolidated Opposition to Defendant's Motion to Dismiss and Response to Motion for Early Disclosure (Docket # 12), the Government has promised to provide the requested material to the defense at least one week before the start of trial. (Id. at 24). So long as it fulfills this promise, the Government will surpass the requirements of the Jencks Act and satisfy its burdens under both Brady and Giglio. The Court, therefore, DENIES Defendant's Motion for Timing of Disclosure of Brady, Giglio, and Jencks Acts Materials.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Docket # 10) and Motion for Timing of Disclosure of Brady, Giglio, and Jencks Acts Materials (Docket # 11) are DENIED.

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 5th day of April, 2007.